In Re: $13,561.50. Brandywine Lions Club, Appellant.

Argued December 15, 1982, before Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*S. Stanton Miller, Jr., Dunn & Miller,* for appellant.

*Marion E. MacIntrye,* with her *LeRoy S. Zimmerman,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, March 7, 1983:
The Brandywine Lions Club (appellant) appeals an order of the Court of Common Pleas of Delaware County which denied the appellant's petition for the

return of $13,561.50 which was seized by Commonwealth law enforcement officers during a raid of a "Monte Carlo" gambling night held by the appellant.

The Pennsylvania State Police and Delaware County law officers, after learning when the alleged gambling operation would take place, successfully infiltrated and observed the operation. After determining that illegal gambling was occurring, a coordinated raid of the two law enforcement agencies was conducted during which the money here in question was taken from money boxes located under a blackjack table, a crap table, and a big six wheel. Subsequent to the confiscation of the money, the Commonwealth petitioned for its forfeiture while the appellant and the operator of the gambling devices counter-petitioned for the return of the monies.

The sole issue[1] before us is one of law; namely, whether or not the $13,561.50 seized by the Commonwealth was an integral part of the illegal gambling devices or operation. *Fairmount Engine Company v. Montgomery County,* 135 Pa. Superior Ct. 367, 5 A.2d 419 (1939). If so, it is evident that Section 5513(b) of the Crimes Code, 18 Pa. C. S. §5513(b) permits forfeiture.

Our examination of the record supports the trial court's finding that the money in question had not been transferred to the exclusive control of the appellants at the time it was seized, but that it remained an integral and essential part of the gambling devices and

---

[1] We reject the appellant's argument that the blackjack game was not an illegal gambling device. Even though a police officer testified that it was his opinion such card playing was not illegal, we are not bound by his legal conclusions. This particular card game does not even approach the casual or friendly card game for money which some courts have held not to be illegal gambling for statutory purposes. *See e.g., United States ex rel. Yates v. Rundle,* 326 F. Supp. 344 (E.D. Pa. 1971); *Commonwealth v. Hubbard,* 69 D. & C.2d 571 (1974).

their operation. Consequently, it was properly the subject of forfeiture. *Fairmount Engine Company.*

Finding no error of law or unsupported factual finding we will, therefore, affirm the order of the trial court.

## ORDER

AND Now, this 7th day of March, 1983, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby affirmed.